IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA BIDLINGMEYER | : | CIVIL ACTION |
| v. | : | |
| BROADSPIRE, et al. | : | 11-812 |

MEMORANDUM

McLaughlin, J.                                                 September 27, 2011

This action arises from the denial of disability benefits under an employee benefits plan. The defendants moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The Court grants the motion.

I.     Factual Background

The plaintiff, Lisa Bidlingmeyer, was employed by defendant Johnson & Johnson. As part of her employee benefits package, Bidlingmeyer was entitled to short-term and long-term disability coverage under the Long Term Disability Income Plan for Choices Eligible Employees of Johnson & Johnson and Affiliated Companies ("the Plan"). After Bidlingmeyer sustained a permanent disabling injury as defined by the Plan, she made a claim for long-term disability benefits. Bidlingmeyer received benefits from January 25, 2001 until December 2004, when Johnson & Johnson informed her that her claim for benefits would be denied. On September 23, 2005, Johnson & Johnson issued a final

decision denying benefits.  Thereafter, Defendant Broadspire, an insurer, refused to pay disability benefits to Bidlingmeyer.

Bidlingmeyer filed a complaint against defendants Broadspire and Johnson & Johnson on February 2, 2011, bringing claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., and, in particular, § 1132(a)(1)(B).  The defendants answered on April 4, 2011.  On the same date, the defendants filed the instant motion, attaching a copy of the Plan.[1]

II. Analysis

  A. Legal Standard

A Rule 12(c) motion for judgment on the pleadings based on the defense that the plaintiff has failed to state a claim is analyzed under the same legal standards that apply to a Rule 12(b)(6) motion to dismiss.  Revell v. Port Auth., 598 F.3d 128, 134 (3d Cir. 2010); Turbe v. Gov't of the V.I., 938 F.2d 427, 428 (3d Cir. 1991).  Therefore, the Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff.  Revell, 598 F.3d at 134.

---

[1] In considering a 12(b)(6) motion, "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Steinhardt Group, Inc. v. Citicorp, 126 F.3d 144, 145 (3d Cir. 1997) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993)).

A Rule 12 motion to dismiss may be granted based on a statute of limitations defense when noncompliance is apparent from the face of the complaint.  W. Penn Allegheny Health Sys., Inc. v. UPMC, 627 F.3d 85, 105 n.13 (3d Cir. 2010).

B.  Statute of Limitations

The defendants argue that the plaintiff's claims are untimely because (1) the express terms of the Plan require any lawsuit challenging denial of benefits to be filed within one year after the Plan administrator's final decision, or alternatively, (2) the claims are subject to a four-year statute of limitations, which expired in 2009.  The Court concludes that Bidlingmeyer's claims are untimely under the four-year statute of limitations.

1.  Claims for Breach of Fiduciary Duty

The plaintiff contends that the six-year statute of limitations for breach of fiduciary duty claims under ERISA, 29 U.S.C. § 1113, is the appropriate limitations period.  As a preliminary matter, the Court notes that the complaint does not appear to bring claims for breach of fiduciary duty under ERISA, 29 U.S.C. § 1132(a)(2).  Rather, the preliminary statement declares that the action arises under § 1132(a)(1)(B).  Complaint at 1.  That subparagraph provides a non-fiduciary cause of action

-3-

"to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B); Miller v. Fortis Benefits Ins. Co., 475 F.3d 516, 519 (3d Cir. 2007) (noting that § 1132(a)(1)(B) claims are non-fiduciary claims).

The complaint mentions breach of fiduciary duty twice in passing. Complaint ¶¶ 15, 22. However, "Section 1132(a)(2) actions are derivative in nature inasmuch as the plaintiff must assert a loss to the ERISA plan itself (not merely an individual claim for extracontractual damages)." Leckey v. Stefano, 501 F.3d 212, 217 (3d Cir. 2007) (citing Mass. Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 147 (1985)). Here, Bidlingmeyer does not seek recovery on behalf of the ERISA plan itself. The heart of Bidlingmeyer's claims in this case is not that a plan fiduciary mismanaged plan assets or implemented a policy that reduced her share of benefits, but rather that she was denied payment of benefits. See Graden v. Conexant Sys. Inc., 496 F.3d 291, 301 (3d Cir. 2007) (discussing the difference between suits under (a)(1)(B) and (a)(2)); Bamgbose v. Delta-T Group, Inc., 638 F. Supp. 2d 432, 442 (E.D. Pa. 2009). Thus, ERISA's statute of limitations for breach of fiduciary duty claims may not even apply to Bidlingmeyer's claims.

Even if Bidlingmeyer had clearly stated claims for breach of fiduciary duty under 29 U.S.C. § 1132(a)(2), however, the applicable statute of limitations in this case would be at most three years, not six.[2]  Under 29 U.S.C. § 1113, an action for breach of fiduciary duty may not be commenced after the earlier of:

> (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission, the latest date on which the fiduciary could have cured the breach or violation, or
>
> (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation; except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

The U.S. Court of Appeals for the Third Circuit has held that "actual knowledge of a breach of violation" requires that a plaintiff have knowledge of (1) the facts on which she relies to establish a breach of fiduciary duty and (2) "all relevant facts at least sufficient to give the plaintiff knowledge that a fiduciary duty has been breached or ERISA provision violated."  Gluck v. Unisys Corp., 960 F.2d 1168, 1178 (3d Cir. 1992); Roush, Inc. Profit Sharing Plan v. New England Mut. Life Ins. Co., 311 F.3d 581, 587 (3d Cir. 2002).  This

---

[2] Because the Court finds Bidlingmeyer's claims time-barred even when applying ERISA's statute of limitations, the Court does not address the defendants' argument that the Plan's one-year contractual limitations period bars any breach of fiduciary duty claims.

knowledge can come from knowledge of a transaction's harmful consequences, or even actual harm.  Gluck, 960 F.2d at 1177.  The court's holding in Gluck does not require a plaintiff to meet with a lawyer before the three-year limitations period begins to run.  Id.

Here, Bidlingmeyer alleges breach of fiduciary duties based on the wrongful denial of her benefits claim.  She has not alleged fraud or concealment.  In Gluck, the Third Circuit held that mere knowledge of amendments to a pension plan, the effect of which was to cause accrued benefits not to fully vest, could not be deemed "actual knowledge."  Gluck, 960 F.2d at 1179.  In that case, the amendment did not disclose and, in fact, masked its harmful consequences on the participants' benefits.  Id.  By contrast, Bidlingmeyer had knowledge of harmful consequences, at the latest, by September 23, 2005, when Johnson & Johnson made a final decision denying her benefits.  By then, if not by December 2004, when she stopped receiving payments, Bidlingmeyer was well aware that she would no longer receive disability benefits.  See Connell v. Trustees of the Pension Fund, 118 F.3d 154, 158 (3d Cir. 1997) (finding that plaintiffs had "actual knowledge" when the pension fund cancelled their pension credits by enforcing a rule that provides for cancellation of accrued credits after a specified absence from covered employment); Koert v. GE Group Life Assur. Co., 231 F. App'x 117, 121 (3d Cir. 2007) (affirming

that ERISA's three-year statute of limitations began to run the day the plan participant's benefits were terminated).

Therefore, to the extent Bidlingmeyer's claims can be construed as breach of fiduciary duty claims, they are time-barred by the three-year statute of limitations under ERISA, 29 U.S.C. § 1113(2).

### 2.   Claims for Denial of Benefits

Bidlingmeyer's claims under 29 U.S.C. § 1132(a)(1)(B) are likewise time-barred.  Although ERISA provides a limitations period for claims for breaches of fiduciary duty, it does not contain a limitations period for non-fiduciary claims.  Gluck, 960 F.2d at 1179.  Section § 1132(a)(1)(B) provides a non-fiduciary cause of action to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  Miller, 475 F.3d at 519.  In the absence of an applicable ERISA statute of limitations, courts apply the limitations period for the state claim "most analogous to the ERISA claim pursued."  Gluck, 960 F.2d at 1179 (citation omitted).

The statutory limitation most applicable to a claim for benefits under § 1132(a)(1)(B) is a breach of contract claim.[3] Hahnemann Univ. Hosp. v. All Shore, Inc., 514 F.3d 300, 305-06 (3d Cir. 2008) (citing Gluck, 960 F.2d at 1181). In Pennsylvania, a breach of contract claim has a four-year statute of limitations. 42 Pa. Cons. Stat. § 5525(a)(8); Hahnemann, 514 F.3d at 306. To determine the accrual date of a federal claim, the Third Circuit utilizes the federal "discovery rule" when there is no controlling federal statute. Miller, 475 F.3d at 520. In the ERISA context, the discovery rule has been developed into a "clear repudiation" rule whereby a non-fiduciary cause of action accrues when a claim for benefits has been denied. Id. (citing Romero v. Allstate Corp., 404 4.3d 212, 221 (3d Cir. 2005)). A formal denial is not required if there has already been a repudiation of the benefits by the fiduciary which was clear and known to the beneficiary. Id. at 521.

In this case, Bidlingmeyer's § 1132(a)(1)(B) claims accrued, at the latest, when Johnson & Johnson made a final decision denying benefits on September 23, 2005. The four-year

---

[3] The Plan includes a choice-of-law provision electing the laws of New Jersey. Defs.' Mot. for J. on Pleadings, Ex. A, at 25. However, "[c]hoice of law provisions in contracts do not apply to statutes of limitations, unless the reference is express." Gluck, 960 F.2d at 1179. Because the Plan does not contain express reference to the New Jersey statute of limitations, and the plaintiff does not argue that New Jersey law applies, the Court applies the Pennsylvania statute of limitations for contracts claims.

limitations period expired long before Bidlingmeyer filed suit on February 2, 2011.  The Court therefore need not address the parties' arguments regarding whether the one-year limitations period specified in the 2004 version of the Plan controls and bars Bidlingmeyer's actions.

An appropriate order shall issue separately.